**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MICHAEL LENGYEL, and similarly situated individuals,**<br><br>        Plaintiff,<br><br>vs.<br><br>**ZACK PAINTING CO., INC., NORTHEAST CONTRACTING SERVICES, LLC, ROBERT ZACK, individually, DAVID ZACK, individually, and JOHN PREGO, individually,**<br><br>        Defendants. | **COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**Civil Case No.:**<br><br>**Jury Trial Demanded** |

Plaintiff, MICHAEL  LENGYEL ("Lengyel" or "Plaintiff"), on behalf of himself and all others similarly situated (collectively "Plaintiffs"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Amended Collective Action Complaint against Defendants ZACK PAINTING CO., INC. ("ZPC"), NORTHEAST CONTRACTING SERVICES, LLC ("NCS"), and all other affiliated entities and/or joint employers, (collectively "Corporate Defendants"), ROBERT ZACK, individually, DAVID ZACK, individually, and JOHN PREGO, individually (collectively "individual Defendants"), and alleges as follows:

**PRELIMINARY STATEMENT**

1.      This action is brought on behalf of Plaintiff and a putative class of individuals who worked as painters, fire proofers, laborers, and in other construction-related trades for the Defendants and/or any other entities affiliated with, controlling, or controlled by the Corporate Defendants or the individual Defendants, to recover statutory wage and overtime payments,

1

payment for unpaid supplemental benefits that Plaintiff and the members of the putative class were statutorily and contractually entitled to receive for work they performed on numerous privately financed projects (hereinafter referred to as the "Private Projects") and publicly financed  projects (the "Public Works Projects") pursuant to contracts with various government entities ("Government Entities").  For example, the Corporate Defendants bid for, received, and performed work for Robert Wood Johnson Medical Center, as well as other public work projects.

2.       The Public Works Projects were undertaken and performed by the Defendants in accordance with the terms and conditions of certain "Public Works Contracts" entered into with the Government Entities between March 2012, and the present.

## INTRODUCTION

3.       Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq., the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL"), and the New Jersey State Prevailing Wage Act., N.J.S.A. 34:11-56.25 et seq. ("NJPWA").

4.       Plaintiff brings this lawsuit against Defendants as a collective and class action on behalf of himself and all other persons similarly situated –non-exempt laborers– who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b), the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL"), and the New Jersey State Prevailing Wage Act., N.J.S.A. 34:11-56.25 et seq. ("NJPWA").

## JURISDICTION AND VENUE

5.       This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

6.     This Court has subject matter jurisdiction over Plaintiff's NJWHL and NJPWA claims pursuant to 28 U.S.C. §§ 1332 and 1367.

7.     Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8.     At all times material hereto, Plaintiff performed non-exempt painting and fire proofing duties for the Defendants in New Jersey and based from Defendants' premises in Fords, Middlesex County, NJ. Defendants are therefore within the jurisdiction and venue of this Court.

9.     At all times pertinent to this Complaint, each of the Defendants are enterprises engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s).   Defendants routinely purchase materials and products from out of state, these which are delivered through the channels of interstate commerce. Defendants regularly conduct business out of state in both Pennsylvania, as well as New York.   Defendants further routinely accept credit card payments, which involves interstate business and financing transactions.    Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., using the tools and products which have moved through interstate channels so as to produce an end product for Defendants' consumers. Thus, Defendants and Plaintiff and those similarly situated employees fall within the protections of the Act.

10.     This action is properly maintainable as a class action pursuant to the New Jersey Rules of Court § 4:32, N.J. Stat. § 34:11-56.A25, and N.J. Stat. § 34:11-56.40 ("Any workman shall be entitled to maintain [an action for underpayment of prevailing wages] for and on behalf of himself or other workmen similarly situated, and such workman and workmen may designate

an agent or representative to maintain such action for and on behalf of all workmen similarly situated.")

11.     This action is brought on behalf of the Plaintiffs and a putative class consisting of each and every other person who performed work in trades including but not limited to painters, operators, carpenters, masons, laborers, and other related construction trades for the Zack Defendants and/or other entities controlled by the Defendants on the sites of the Public Works Projects and the Private Projects.

12.     The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 40 similarly situated individuals. In addition, the names of all potential members of the putative class are not known.

13.     The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

14.     The claims of the Plaintiffs are typical of the claims of the putative class.

15.     The Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

16.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

17.     Under New Jersey law, this action is properly maintainable as a class action pursuant to the New Jersey Prevailing Wage Act (N.J. Stat. § 34:11-56.40), the New Jersey wage and hour law (N.J. Stat. § 34:11-56.A25), and the New Jersey Rules of Court § 4:32.

18.     Upon information and belief, pursuant to N.J. Stat. §§ 34:11-56.27; 34:11-56.28, each of the Public Works Contracts for work to be performed in New Jersey contained a provision specifying the prevailing wage rate to be paid to all workmen on the Public Works

Projects and mandating the payment of same to Plaintiffs and other members of the putative class.

19.     The "prevailing rate of wage" and "supplemental benefit" is the rate of wage and benefit paid in the locality by virtue of collective bargaining agreements between bona fide labor organizations and employers of the private sector.  See N.J. Stat. §§ 34:11-56.27; 34:11-56.28.

20.     Upon information and belief, beginning in or about 2012, the Zack Defendants entered into a number of Public Works Contracts to perform, inter alia, painting, and other related construction work with the Government Entities, or prime contractors, at the sites of the Public Works Projects.

21.     Upon information and belief, a schedule of prevailing rates of wages and supplemental benefits ("Prevailing Wage Schedule") to be paid was annexed to and was made a part of each contract.

22.     This promise to pay and ensure payment of the prevailing wage and supplemental benefit rates in the contracts between the Zack Defendants and the Government Entities and/or the prime contractors of record was made for the benefit of all workers furnishing labor on the sites of the Public Works Projects and, as such, the workers furnishing labor on the sites of the Public Works Projects are the beneficiaries of that promise.

23.     At all times relevant to this action, the Zack Defendants were officers, and/or shareholders of ZPC. Plaintiffs and other members of the putative class performed labor at the Public Works Projects and Private Projects, for the benefit of and at the direction of the Zack Defendants.

## PARTIES

24.     Plaintiff Lengyel is an adult individual who is a resident of Keansburg, Monmouth County, New Jersey.

25.     Plaintiff Lengyel was employed by Defendants full time as a painter, from in or about September 2014, through in or about December 2016.

26.     Upon information and belief, the ZPC owns and/or maintain painting and fire proofing business throughout the State of New Jersey, Pennsylvania, and New York.

27.     Upon information and belief, the NCS owns and/or maintain painting and fire proofing business throughout the State of New Jersey, Pennsylvania, and New York.

28.     Upon information and belief, the Defendants are headquartered in Fords, Middlesex County, New Jersey.

29.     Upon information and belief, at all times relevant to this Complaint, all Defendants, employ individuals to perform labor services on behalf of the Defendants. Upon information and belief, at all times relevant to this Complaint, the Defendant's annual gross volume of sales made or business done was not less than $500,000.00.

30.     At all times relevant to this Complaint, Defendants were and are an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

31.     Upon information and belief, individual Defendant Robert Zack is a New Jersey state residents.

32.     Upon information and belief, at all times relevant to this Complaint, individual Defendant Robert Zack has been an owner, partner, officer and/or manager of the Defendants.

33.     Upon information and belief, at all times relevant to this Complaint, individual Defendant Robert Zack has had power over personnel decisions at the Defendant ZPC and NCS's businesses.

34.     Defendant Robert Zack was present at ZPC and NCS almost every day, and managed the day to day operations, controlled the employees, pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

35.     Upon information and belief, individual Defendant David Zack is a New Jersey state resident.

36.     Upon information and belief, at all times relevant to this Complaint, individual Defendant David Zack has been an owner, partner, officer and/or manager of the corporate Defendants.

37.     Upon information and belief, at all times relevant to this Complaint, individual Defendant David Zack has had power over personnel decisions at the Defendants' business.

38.     Defendant David Zack was present at ZPC and NCS almost every day, and managed the day to day operations, controlled the employees, pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

39. Upon information and belief, individual Defendant John Prego is a New York resident.

40. Upon information and belief, at all times relevant to this Complaint, individual Defendant John Prego has been an owner, partner officer and/or manager of the Defendants ZPC nad NCS.

41. Upon information and belief, at all times relevant to this Complaint, individual Defendant John Prego has had power over personnel decisions at the Defendants' business.

42. Defendant John Prego was present at ZPC almost every day, and managed the day to day operations, controlled the employees, pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

## FACTS

43.     Under New Jersey law, this action is properly maintainable as a class action pursuant to the New Jersey Prevailing Wage Act (N.J. Stat. § 34:11-56.40), the New Jersey wage and hour law (N.J. Stat. § 34:11-56.A25), and the New Jersey Rules of Court § 4:32.

44.     Upon information and belief, pursuant to N.J. Stat. §§ 34:11-56.27; 34:11-56.28, each of the Public Works Contracts for work to be performed in New Jersey contained a provision specifying the prevailing wage rate to be paid to all workmen on the Public Works Projects and mandating the payment of same to Plaintiffs and other members of the putative class.

45.     The "prevailing rate of wage" and "supplemental benefit" is the rate of wage and benefit paid in the locality by virtue of collective bargaining agreements between bona fide labor organizations and employers of the private sector.  See N.J. Stat. §§ 34:11-56.27; 34:11-56.28.

46.     Upon information and belief, beginning in or about 2012, the corporate Defendants entered into a number of Public Works Contracts to perform, inter alia, painting and other related construction work with the Government Entities, or prime contractors, at the sites of the Public Works Projects.

47.     Upon information and belief, a schedule of prevailing rates of wages and

supplemental benefits ("Prevailing Wage Schedule") to be paid was annexed to and was made a part of each contract.

48.     This promise to pay and ensure payment of the prevailing wage and supplemental benefit rates in the contracts between ZPC, NCS, and the individual Defendants, and the Government Entities and/or the prime contractors of record was made for the benefit of all workers furnishing labor on the sites of the Public Works Projects and, as such, the workers furnishing labor on the sites of the Public Works Projects are the beneficiaries of that promise.

49.     Upon information and belief, beginning in or about 2012, the corporate Defendants entered into a number of contracts to perform work on the Private Projects where payment of time and one-half an employee's regular hourly rate of pay was required for all hours worked in excess of 40 hours in a consecutive seven day workweek.

50.     At all times relevant to this action, the individual Defendants were officers, presidents, owners , managers, and/or shareholders of Defendants. Plaintiff and other members of the putative class performed labor at the Public Works Projects and Private Projects, for the benefit of and at the direction of the individual Defendants.

51.     Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiff, and those similarly situated employees, for overtime hours worked in a work week.

52.     Plaintiff worked five (5) to seven (7) each week.

53.     Plaintiff regularly worked in excess of forty (40) hours in a work week.

54.     Plaintiff's start and stop times varied from day to day.

55.     Plaintiff performed jobs on behalf of Defendants from Pennsylvania to New York.

56.     Plaintiff was often required to purchase products for Defendants' jobs, the time for which, Plaintiff was not compensated.

57.     Plaintiff was required to travel long distances for jobs, and Defendants did not always compensate Plaintiff for the time commuting to and from these jobs.

58.     Often times, Plaintiff was required to travel between two or more jobs in one day, Defendants did no pay Plaintiff for all of this compensable time.

59.     Plaintiff Lengyel was paid approximately $23.50 per hour for painting, and $28.00 for fireproofing work that he performed.

60.     Plaintiff was paid for some overtime, at the above mentioned rates for Private Jobs.

61.     Plaintiff was not paid at the prevailing wage rate for Public Work Project jobs.

62.     Upon information and belief, employees similarly situated to Plaintiff, were also deprived of pay for those hours worked in excess of forty (40) in a workweek.

63.     Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, NJWHL, and NJPWA as described in this Complaint.

64.     At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

65.     The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees as Plaintiff, are in the possession and custody of Defendants.

66.     The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees, are in the possession and custody of Defendants.

67.     At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff and those

similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

68.     Upon information and belief, pursuant to N.J. Stat. §§ 34:11-56.27; 34:11-56.28, the prevailing wage rate must be paid to all workmen on Public Works Projects, such as those worked on by the Plaintiffs and other members of the putative class.

69.     The "prevailing rate of wage" is the rate of wage paid in the locality by virtue of collective bargaining agreements between bona fide labor organizations and employers of the private sector.  *See* N.J. Stat. §§ 34:11-56.27; 34:11-56.28.

70.     Upon information and belief, beginning in or about 2012, and through the present, the Defendants entered into contracts to perform, *inter alia*, construction and landscape work for certain government entities and with utility companies which constituted Public Works Projects.

71.     Upon information and belief, a schedule of prevailing rates of wages ("Prevailing Wage Schedule") to be paid to Plaintiff and the putative class was annexed to, and was made a part of each contract.

72.     This promise to pay and ensure payment of the prevailing wages in the contracts was made for the benefit of all workers who comprise the proposed class who furnished labor on the Project sites and, as such, are beneficiaries of that promise.

73.     Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and has incurred attorneys' fees and costs in bringing this action.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

74.     Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 73 above.

75.     Plaintiff is entitled to be paid additional compensation for each of his overtime hours worked per work period.

76.      All similarly situated employees of the Defendants are similarly owed their overtime rate for each and every overtime hour they worked and were not properly paid.

77.     Defendants knowingly and willfully failed to pay Plaintiff and the other similarly situated to them at one and one-half times their regular rate of pay for all of their overtime worked in a work week.

78.     By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

79.      As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

80.     Plaintiff re-alleges and incorporates here by reference, all allegations contained in Paragraphs 1 through 79 above.

81.      Defendants' aforementioned conduct is in violation of New Jersey Statutes §§ 34:11-56a4 et seq., the Defendants willfully failed to pay Plaintiffs and the other members of the putative class their statutorily required overtime compensation for the time they worked in

excess of forty hours a week for the Defendant Contractors on the New Jersey Public Works Projects and on the Private Projects.

82.     As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

## COUNT III
## RECOVERY OF PREVAILING WAGE COMPENSATION
## PURSUANT TO THE NJPWA

83.     The Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 82 hereof.

84.     New Jersey Statute 34:11-56.40 provides that "if any workman is paid less than the prevailing wage to which such workman is entitled under the provisions of this act such workman may recover in a civil action the full amount of such prevailing wage less any amount actually paid to him or her by the employer, together with costs and such reasonable attorney's fees."

85.     Defendants willfully paid Plaintiffs and the other members of the putative class less than the prevailing rates of wages and supplemental benefits to which Plaintiffs and the other members of the putative class were entitled for the labor which they furnished to Defendants on the sites of the Public Works.

## COUNT IV
## RECOVERY OF MONIES RECEIVED BY DEFENDANT
## PURSUANT TO N.J.S.T. 2A:44-148

86.     The Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 85 hereof.

87.     New Jersey Law imposes a trust on all monies "paid by the state of New Jersey or by any agency, commission or department thereof, or by any county, municipality or school

district in the state, to any person pursuant to the provisions of any contract for any public improvement made between any such person and the state of New Jersey or by any agency, commission or department thereof, or by any county, municipality or school district in the state."

88.     This trust is created in the hands of the person receiving such monies "pursuant to the provisions of any contract for any public improvement made between any such person and the state of New Jersey or by any agency, commission or department thereof, or by any county, municipality or school district in the state," as contractor, for the benefit of the workmen who provided labor on the Projects, "until all claims for labor, materials and other charges incurred in connection with the performance of such [ government contracts] shall have been fully paid."

89.     Upon information and belief, the Defendants received monies for work and services provided pursuant to the government or utility company contracts.

90.     As previously alleged, the Defendants have failed to pay Plaintiffs the prevailing rate of wages for work already performed on the Public Works Projects.

**COUNT V**
**RECOVERY AGAINST DEFENDANT**
**PURSUANT TO DEFENDANT'S BREACH OF FIDUICARY DUTY**

91.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 90 hereof.

92.     New Jersey law imposes a trust on all monies paid to contractors for the benefit of workers and materialmen who provide labor and materials on construction projects.

93.     Consequently, the Defendants, individually and jointly, have a fiduciary responsibility to Plaintiffs to ensure the payment of prevailing wages to the Plaintiff and workers who comprise the proposed class.

94.     On information and belief, the Defendants have diverted the monies received

from the State of New Jersey, the public utility, or other government entity and allocated such funds for improper purposes or purposes other than the payment of wages due the Plaintiff and proposed class.

95.     By reason of these willful violations, the Defendants are individually and jointly liable to plaintiffs and the other members of the putative class for an amount to be determined at trial, plus costs, fees and interest.

## JURY TRIAL

96.     Plaintiff and similarly situated employees demand a jury trial.


WHEREFORE, Plaintiff MICHAEL LENGYEL and those similarly situated to him, who have or will become part of this collective action, demand judgment, against Defendants ZACK PAINTING CO., INC., LLC, NORTHEAST CONTRACTING SERVICES, LLC, and all other affiliated entities and/or joint employers, ROBERT ZACK, individually, DAVID ZACK, individually, and JOHN PREGO, individually, for the payment of compensation for all wages due them for the time worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: March 29, 2018                           Respectfully submitted,

                                                 s/ Andrew I. Glenn
                                                Andrew I. Glenn, Esquire
                                                E-mail: Aglenn@JaffeGlenn.com
                                                New Jersey Bar No.: 026491992
                                                Jodi J. Jaffe, Esquire
                                                E-mail: Jjaffe@JaffeGlenn.com
                                                New Jersey Bar No.: 022351993
                                                **JAFFE GLENN LAW GROUP, P.A.**
                                                301 N. Harrison Street, Suite 9F, #306
                                                Princeton, New Jersey 08540

Telephone: (201) 687-9977
Facsimile:  (201) 595-0308
*Attorneys for Plaintiff*